**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **I.A.M. NATIONAL PENSION FUND,** | ) | |
| **NATIONAL PENSION PLAN, et al.,** | ) | |
| 1300 Connecticut Avenue NW | ) | |
| Suite 300 | ) | |
| Washington, D.C.  20636 | ) | |
| (202)785-2658 | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:07-cv-01201 - RBW |
| v. | ) | Hon. Reggie B. Walton |
| | ) | |
| **APV NORTH AMERICA, INC.,** | ) | |
| 100 South CP Avenue | ) | |
| Lake Mills, Wisconsin  53551 | ) | |
| (920)648-8311 | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES
## OF DEFENDANT APV NORTH AMERICA, INC.

Defendant, APV North America, Inc. ("APV"), by and through its undersigned counsel,
answers Plaintiff's Complaint as follows:

1.      This is an action for legal and equitable relief brought pursuant to 29 U.S.C.
§1132(a)(3) by the I.A.M. National Pension Fund, National Pension Plan and its Co-Chairmen to
secure the performance of statutory and contractual obligations owed to the Plan by the
defendant.

**Response:**

Defendant admits that Plaintiffs purport to bring this action pursuant to 29 U.S.C.
§1132(a)(3), but denies that it has breached any statutory or contractual obligations.

2.      This Court has jurisdiction of this action under the provisions of 29 U.S.C.
§1132(e)(1).

**Response:**

Defendant admits the allegation therein contained.

3.      Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

**Response:**

Defendant admits the allegation therein contained.

4.      Plaintiff I.A.M. National Pension Fund, National Pension Plan, (hereafter "the Plan") is a collectively bargained labor-management pension trust fund created by Agreement and Declaration of Trust originally entered into on May 1, 1960, pursuant to the provisions of 29 U.S.C. §186(c)(5).  The Plan maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, in the City of Washington, DC.

**Response:**

Defendant lacks sufficient knowledge and information to admit or deny this allegation and, therefore, denies same.

5.      The Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and a "multi-employer plan" within the meaning of 29 U.S.C. §1132(d)(1).

**Response:**

Defendant lacks sufficient knowledge and information to admit or deny this allegation and, therefore, denies same.

6.      Warren Mart and Burton C. Trebour are the Co-Chairmen of the I.A.M. National Pension Fund Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. §1132(a)(3).

**Response:**

Defendant lacks sufficient knowledge and information to admit or deny this allegation and, therefore, denies same.

7.      The defendant APV North America, Inc. is a for-profit business organization authorized to do business in the State of Wisconsin.  Its principal office and place of business is located in Lake Mills, Wisconsin.

**Response**:

Defendant admits the allegations therein contained.

8.      On or about February 5, 2001, defendant entered into a collective bargaining agreement with District Lodge No. 10 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the Union").  Among other things, that collective bargaining agreement obligated defendant to commence making regular contributions to the plan on behalf of those of its employees in the bargaining unit represented by the Union, and to continue those contributions during the term of the agreement.

**Response**:

Defendant admits the allegations therein contained.

9.      In Article 17 of the Collective Bargaining Agreement described in paragraph 8, representatives of the Defendant and the Union entered into the Standard Contract Language required by the Plan, Defendant thereby agreed to commence and continue making payments to the Plan at the rate and on the basis required therein and adopted and agreed to be bound by the provisions of the Trust Agreement, dated May 1, 1960, and all amendments thereto, and adopted and agreed to be bound by the Plan rules as amended from time to time.

**Response**:

Defendant denies the allegations therein contained.

10.      By entering into the Agreements described in paragraphs 8, and 9, Defendant and the Union met the requirements for participation in the Plan, and upon acceptance by the Trustees, Defendant became a "contributing Employer" and the Union became a "participating lodge" in the pension plan maintained by the Plan.  By virtue of this agreement, Defendant is now obligated to file monthly reports with the Plan, showing the amount of time for which each employee in the Union's bargaining unit received pay in accordance with the collective

bargaining agreement during the month. Defendant is now obligated to pay to the Plan each month the contribution required by the collective bargaining agreement on those reports.

**Response:**

Defendant denies the allegations therein contained.

11.    Article V, Section 4 of the Plan Trust Agreement <u>as</u> <u>amended</u>, by which Defendant has agreed to be bound, provides in pertinent part as follows:

> When an Employer has failed to pay the amounts due to the Pension Fund when such amounts become due and payable, that Employer shall be considered delinquent. If the Employer fails to make contributions within thirty (30) days after the date of the delinquency, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the date payment is received. The Trustees may from time to time change the applicable percentages for liquidated damages and interest, but on a uniform basis for all Employers.
>
> The Trustees shall have the power to take any action necessary to enforce the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to, the institution of or intervention in any legal, equitable or administrative proceedings, and all reasonable expenses incurred by the Fund in enforcing the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to reasonable attorneys' fees, accountants' fees and court costs shall be added to the obligation of the defaulting Employer in addition to the amount due. The Employer agrees that such sums, together with liquidated damages and interest as set forth above, shall be included in any judgment issued by a court. The Trustees shall have the authority to settle or compromise any claims, suits, or legal actions for less than the full amount due when in their discretion, they deem it in the best interest of the Fund.

**Response:**

Defendant denies that Article V, Section 4 of the Plan Trust Agreement is applicable to Defendant, but, on information and belief, admits that Paragraph 11 quotes the Plan language accurately.

12.    Notwithstanding its obligations to make accurate reports and contributions to the Plan required by the agreements to which defendant is a party and described in paragraphs 8 and 9 above, defendant has failed and refused to make required reports and payments in an accurate

manner, to wit:  The defendant has not submitted $33,095.20 in pension contributions for the period January 1, 2001 through and including December 31, 2004 discovered as the result of an examination of defendant's payroll and wage records by an independent, certified public accountant.  Defendant was billed for that amount on November 30, 2006 with follow-up billing letters dated December 31, 2006 and January 31, 2007.  Liquidated damages totaling $6,619.04 and interest totaling $2,482.15 have accrued to date.   As a result of defendant's continuing refusal accurately to fulfill those obligations, defendant owes the Plan $42,196.39 in delinquent contributions and liquidated damages and interest as of the date of this complaint.

**Response**:

Defendant denies the allegations therein contained and states affirmatively that it has made proper payments and reports.

13.    Section 515 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

**Response**:

Defendant admits that Paragraph 13 is an accurate rendition of Section 515 of ERISA.

14.    Section 502(g)(2) of the Employee Retirement Income Security Act of 1974, provides:

> In any action under this title by a fiduciary or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan –
>
> (A)    the unpaid contributions,
> (B)    interest on the unpaid contributions,
> (C)    an amount equal to the greater of

(i)    interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

**Response:**

Defendant admits that Paragraph 14 is an accurate rendition of part of Section 502(g)(2) of ERISA.

15.    The Plan has attempted to secure defendant's voluntary compliance with its obligation to submit accurate remittance reports and pension contributions to the Plan, but notwithstanding these efforts, defendant continues to fail and refuse to make such reports and payments in an accurate manner as it has agreed and as is required by statute to do.

**Response:**

Defendant denies the allegations therein contained.

16.    Unless enjoined by order of this Court from doing so, defendant will continue to be delinquent in the financial and reporting obligations it owes this Plan and to which this Plan is entitled by virtue of the plan rules and agreements governing defendant's participation in the Plan.

**Response:**

Defendant denies the allegations therein contained.

## AFFIRMATIVE DEFENSES

1.    Defendant has tendered all amounts due to the Plan, but Plaintiffs have declined to accept such contributions.

2.    Plaintiffs conducted a negligent and erroneous audit, refusing to correct errors despite Defendant's provision of the correct information to Plaintiffs.

WHEREFORE, Defendant prays that this Court enter an order dismissing this Complaint, entering judgment in favor of Defendant and awarding reasonable attorneys' fees and costs to Defendant.

Dated:  August 20, 2007                    APV NORTH AMERICA, INC.

                                           By:_____/s/ Jeffrey S. Jacobovitz_____
                                                    One of Its Attorneys

Jeffrey S. Jacobovitz
(DC Bar #346569)
Schiff Hardin LLP
1666 K Street, NW, Suite 300
Washington, DC 20006
(202) 778-6458
(202) 778-6460 (facsimile)
jjacobovitz@schiffhardin.com

Patricia Costello Slovak
Admitted Pro Hac Vice
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5665
(312) 258-5600 (facsimile)
pslovak@schiffhardin.com

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey S. Jacobovitz, an attorney, on August 20, 2007, caused a true and correct copy of *Answer of Defendant APV North America, Inc.* to be served via CM/ECF upon the following:

**Attorneys for Plaintiffs**
Joseph P. Martocci, Jr.
1300 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 785-2658
(202) 463-8098 (fax)
jmartocci@iamnpf.org

Robert T. Osgood
1300 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 785-2658
(202) 463-8098 (fax)
rosgood@iamnpf.org

/s/ Jeffrey S. Jacobovitz
Jeffrey S. Jacobovitz

CH1\ 5150879.1

DC\ 7058073.1

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **I.A.M. NATIONAL PENSION FUND,** | ) | |
| **NATIONAL PENSION PLAN, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:07-cv-01201 - RBW |
| v. | ) | Hon. Reggie B. Walton |
| | ) | |
| **APV NORTH AMERICA, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**RULE 7.1 STATEMENT**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant APV North America, Inc. ("APV") by its undersigned counsel hereby states:

That APV is a wholly owned subsidiary of Invensys plc, a company registered in England and Wales, with headquarters in London, England.

Dated: August 20, 2007                    APV NORTH AMERICA, INC.

By: _____ /s/ Jeffrey S. Jacobovitz _____
                                                        One of Its Attorneys

Jeffrey S. Jacobovitz
(DC Bar #346569)
Schiff Hardin LLP
1666 K Street, NW, Suite 300
Washington, DC 20006
(202) 778-6458
(202) 778-6460 (facsimile)
jjacobovitz@schiffhardin.com

Patricia Costello Slovak
Admitted Pro Hac Vice
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5665
(312) 258-5600 (facsimile)
pslovak@schiffhardin.com

CH1\ 5163342.1

## CERTIFICATE OF SERVICE

I, Jeffrey S. Jacobovitz, an attorney, on August 20, 2007, caused a true and correct copy of *Defendant APV North America, Inc.'s Rule 7.1 Statement,* to be served via CM/ECF upon the following:

**Attorneys for Plaintiffs**
Joseph P. Martocci, Jr.
1300 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 785-2658
(202) 463-8098 (fax)
jmartocci@iamnpf.org

Robert T. Osgood
1300 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 785-2658
(202) 463-8098 (fax)
rosgood@iamnpf.org

/s/ Jeffrey S. Jacobovitz
Jeffrey S. Jacobovitz

CH1\ 5150879.1

DC\ 7058073.1