```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
I.A.M. NATIONAL PENSION FUND,       )
NATIONAL PENSION PLAN, et al.,      )
                                    )
              Plaintiffs,           )
                                    )
       v.                           )  Case No. 07CV1201 RBW
                                    )
APV NORTH AMERICA, INC.,            )
                                    )
              Defendant.            )
_____)

### JOINT REPORT TO COURT PURSUANT TO LOCAL RULE 16.3

A. Statement of the Case

Plaintiff, I.A.M. National Pension Fund, National Pension Plan ("the Plan"), is a multiemployer pension plan. APV North America, Inc. ("APV") is an employer obligated by successive collective bargaining agreements (CBA's) to contribute to the Plan. The issues herein arose after an audit of APV's payroll and wage records conducted by an independent auditing firm hired by the Plan. Plaintiffs assert that APV is obligated by the terms of said CBA to contribute to the Plan on the basis of hours for which pay is entitled to be received by its employees covered by the agreements. APV asserts that it is not obligated to contribute for payments it made to certain of its employees for Severance Pay. Plaintiffs assert that APV is obligated to submit contributions to the Plan for those severance payments. There are also a few other minor matters relating to the audit which the parties expect will be resolved without Court intervention.

-2-

B.  <u>Local Rule 16.3(c) Matters</u>

The parties met and considered the following items set forth in Local Rule 16.3 (c) and other matters pertinent to this action.

1.  **Whether the case is likely to be disposed of by dispositive motion, and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion (Local Rule 16.3 (c)(1)).**

Both parties believe that the case is likely to be disposed of by dispositive motion.

2.  **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed (Local Rule 16.3 (c)(2)).**

The parties agree that there are no additional parties to be joined. The parties have narrowed the major issue in this case as described above and will continue to consult in good faith throughout the litigation in an effort to agree upon and/or narrow additional issues.

3.  **Whether the case should be assigned to a magistrate judge for all purposes, including trial (Local Rule 16.2 (c)(3)).**

The parties agree that the case should not be assigned to a Magistrate Judge.

4.  **Whether there is a realistic possibility of settling the case (Local Rule 16.3 (c)(4)).**

There does not appear to be a realistic possibility of

-3-

settlement at present. Nonetheless, the parties will continue to engage in meaningful discussions towards resolution of this matter.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients (Local Rule 16.3 (c)(5).**

The parties counsel have discussed ADR with their clients and are of differing opinions on the benefit of alternative dispute resolution (ADR). Plaintiffs do not feel it would be of benefit. Defendant feels it would be of some benefit.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions (Local Rule 16.3 (c)(6)).**

The parties agree that this matter may be resolved by summary judgment. The parties propose that the deadline for filing summary judgment motions should be thirty (30) days after the close of discovery, unless pleadings are amended or parties added as the result of discovery, at which time this issue must be revisited. Opposition briefs would be due 20 days after the motions are filed, and any reply briefs 10 days after the filing of opposition briefs. The parties agree that the dates for hearing and decision

-4-

on any filed motions should be determined by the Court's schedule.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures (Local Rule 16.3(c)(7)).**

The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1).

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and deposition (Local Rule 16.3 (c)(8).**

<u>Extent of Discovery</u>: The parties have been engaging in informal discovery. There may be a need for requests for admission or for documents and perhaps the exchange of interrogatories.

<u>What Limits should be placed on Discovery:</u> The parties suggest that the limits provided under LCvR 26.2 should be adopted.

<u>How Long Discovery should take:</u> The parties suggest that discovery close January 5, 2008.

<u>Protective Order:</u> The parties do not believe that a protective order is necessary at this time.

9. **Whether the requirements of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur (Local Rule**

      **16.3(c)(9)).**

The parties do not presently anticipate requiring expert witnesses.

    **10.** **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dated for filing of a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision (Local Rule 16.3 (c)(10).**

This case is not a class action.

    **11.** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation (Local Rule 16.3 (c)(11)).**

The parties do not believe that discovery or the trial, if necessary, should be bifurcated.

    **12.** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter) Local Rule 16.3 (c)(11)).**

The parties suggest that the pretrial conference should be set for a date approximately 30 days following the issuance of a ruling on the proposed cross-motions for summary judgment.

    **13.** **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference (Local Rule 16.3 (c)(11)).**

The parties propose that the Court should provide that a

-6-

trial date be set at the pretrial conference from 30 to 60 days after that conference (Local Rule 16.3 (c)(11).

> **14. Such other matter that the parties believe may be appropriate for inclusion in a scheduling order (Local Rule 16.3 (c)(11)).**

None.

Respectfully submitted,

Dated:   October 3, 2007    /S/_____
Joseph P. Martocci, Jr., #955716
1300 Connecticut Avenue, NW
Suite 300
Washington, DC  20036
(202) 785-2658
(202) 463-8098 Facsimile
jmartocci@msn.com


 /S/_____
Robert T. Osgood, #247973
1300 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
(202) 785-2658
(202) 463-8098 Facsimile
rosgood@iamnpf.org

Attorneys for Plaintiffs




 /S/_____
Jeffrey S. Jacobovitz, #346569
**SCHIFF HARDIN LLP**
1101 Connecticut Avenue, NW

-7-

Washington, DC 20036  
(202) 778-6400  
(202) 778-6460 Facsimile  
<u>jjacobovitz@schiffhardin.com</u>



 /S/_____  
Patricia Costello Slovak  
**SCHIFF HARDIN LLP**  
6600 Sears Tower  
Chicago, Illinois 60606-6473  
(312) 258-5500  
(312) 258-5600 Facsimile  
<u>pslovak@schiffhardin.com</u>

Attorneys for Defendant